UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE GREENE,<br><br>                           Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Officially as Commissioner of the Social Security Administration,<br><br>                         Defendant. | Case No.: 18-CV-801 JLS (JLB)<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION,**<br>**(2) REVERSING DECISION OF THE COMMISSIONER, AND**<br>**(3) REMANDING ACTION TO THE COMMISSIONER FOR FURTHER ADMINISTRATIVE ACTION**<br><br>(ECF Nos. 13, 14) |

      Presently before the Court is Plaintiff Katie Greene and Defendant Commissioner of the Social Security Administration Nancy A. Berryhill's Joint Motion for Judicial Review of Final Decision of the Commissioner of Social Security ("Joint Mot.," ECF No. 13). Magistrate Judge Jill L. Burkhardt has issued a Report and Recommendation ("R&R," ECF No. 14) recommending that Judgment be entered reversing the decision of the Commissioner denying benefits and remanding this matter for further administrative action consistent with her decision. Having reviewed the Joint Motion, Magistrate Judge Burkhardt's R&R, and the underlying Administrative Record, the Court **ADOPTS** Magistrate Judge Burkhardt's R&R in its entirety, **REVERSES** the decision of the Commissioner, and **REMANDS** this matter for further administrative action.

## BACKGROUND

Magistrate Judge Burkhardt's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant Joint Motion. *See* R&R at 2–3, 4–11, 19–23, 28–30. This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portion of the report to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). In the absence of timely objection, however, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

## ANALYSIS

In this present case, neither Party has filed objections to Magistrate Judge Burkhardt's R&R. *See* R&R at 34 (ordering that any objections be filed within fourteen days of service with the R&R). Having reviewed the R&R, the Court finds that it is thorough, well-reasoned, and contains no clear error.

In this matter, the Administrative Law Judge ("ALJ") determined that, although Plaintiff had several severe impairments, including cervical and lumbar degenerative disc disease, and osteoarthritis of the knee and hip, she was not disabled as defined in the Social Security Act. R&R 2–3 (citing Administrative Record ("AR," ECF No. 11) at 11–20.) The

ALJ determined that Plaintiff was capable of performing past relevant work as an information clerk, customer services representative, and sales attendant. *Id.* at 3 (citing AR at 18–19). Alternatively, the ALJ determined that a hypothetical person with Plaintiff's vocational profile and residual functional capacity could perform the requirements of representative occupations, such as a survey worker, that existed in significant numbers in the national economy. *Id.* (citing AR at 19–20).

In reaching these conclusions, the ALJ determined that Plaintiff's testimony concerning her subjective symptoms was not credible. *Id.* at 12 (citing AR at 14). Magistrate Judge Burkhardt, however, finds that "the ALJ erred in rejecting Plaintiff's subjective symptom and pain testimony." *Id.* at 18. Specifically, none of the ALJ's reasons for his adverse credibility determination—*i.e.*, that Plaintiff's reported activities of daily living were "somewhat normal" and bore "at least some similarity to those . . . necessary for obtaining and maintaining employment," *id.* at 13 (quoting AR at 14); that Plaintiff had received "routine, conservative and non-emergency treatment since the alleged onset date," *id.* at 15 (quoting AR at 15); and that the objective medical evidence did not support Plaintiff's allegations, *id.* at 17 (citing AR at 15)—constitute a "clear and convincing" reason not to credit Plaintiff's subjective pain and symptom testimony. *See id.* at 13–18. In particular, Magistrate Judge Burkhardt finds that the ALJ mischaracterized Plaintiff's testimony as to her activities of daily living, which in any event were not readily transferable to a work environment. *Id.* at 13–15. Further, Magistrate Judge Burkhardt concludes that the ALJ failed to specify those portions of the record supporting his determination that Plaintiff received only routine, conservative, and non-emergency treatment, and the evidence the ALJ did discuss did not suggest that her treatment was routine and conservative, but rather that "doctors . . . f[ou]nd her complaints credible enough to continue to order testing." *Id.* at 15–17.

In determining that Plaintiff was capable of work, the ALJ also discredited the testimony of her treating physicians, Dr. John Avery and Dr. Greg Paniccia. *Id.* at 23–24 (Dr. Avery) (citing AR 17); *id.* at 30 (Dr. Paniccia) (citing AR 17–18). Although

1 | Magistrate Judge Burkhardt concludes that Plaintiff's testimony concerning her activities of daily living was mischaracterized by the ALJ and therefore that evidence was not a specific and legitimate reason supported by substantial evidence in the record for rejecting the opinion of Plaintiff's primary care provider, Dr. Avery, *id.* at 27, Magistrate Judge Burkhardt also finds that the ALJ did not err in affording Dr. Avery's opinion little weight because it was generally inconsistent with the mild to moderate findings of the underlying objective evidence. *Id.* at 24–27.

Finally, Magistrate Judge Burkhardt finds that the ALJ erred in rejecting the opinion of Dr. Paniccia, Plaintiff's treating psychiatrist. *Id.* at 30–33. Specifically, Magistrate Judge Burkhardt concludes that Dr. Paniccia's opinions are not inconsistent with the objective medical record, including Dr. Paniccia's own mental status examinations; the notes of Tobias Desjardins, a licensed clinical social worker; and notations in Plaintiff's medical records from Scripps. *Id.* Further, because the ALJ mischaracterized Plaintiff's testimony concerning her daily activities, Magistrate Judge Burkhardt concludes that this did not constitute a specific and legitimate reason supported by substantial evidence in the record for rejecting Dr. Paniccia's opinion. *Id.* at 33.

The Court finds no clear error in Judge Major's findings and recommendations. Further, the Court agrees that remanding for further administrative proceedings is appropriate because additional proceedings could remedy the defects in the ALJ's decision and enhance the administrative record. *Id.* at 34.

## CONCLUSION

In light of the foregoing, the Court: (1) **ADOPTS** Magistrate Judge Burkhardt's Report and Recommendation (ECF No. 14), (2) **REVERSES** the decision of the Commissioner denying benefits to Plaintiff, and (3) **REMANDS** the case to the Commissioner for further administrative action consistent with this Order and Magistrate

///
///
///

Judge Burkhardt's Report and Recommendation. Because this Order concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: August 12, 2019

Hon. Janis L. Sammartino
United States District Judge